## Sifred versus Commonwealth.

1. The Act of April 12th 1875, which prohibits the sale of liquor, upon Sunday, and provides a penalty by fine, does not repeal, by implication, the prior Act of February 26th 1855, which prohibits the sale of liquor on Sunday, and provides a penalty by fine and imprisonment.

2. The principles relating to the repeal of a prior statute by a later one, by implication, stated.

October 3d 1883. Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ. Paxson, J., absent.

Certiorari to the Court of Quarter Sessions of Westmoreland county : Of October and November Term 1883, No. 53.

Indictment by the Commonwealth of Pennsylvania against John Sifred, Sr., and John Sifred, Jr., for selling and permitting liquor to be sold at their tavern on Sunday. The defendants pleaded guilty. Thereupon the court sentenced the defendants each to pay a fine of $100, and each to be imprisoned in the county jail for sixty days, and to pay the costs of prosecution. Thereupon the defendants took this writ of certiorari (which was specially allowed by Mercur, C. J.), assigning for error the said sentence.

It was admitted on the argument that the indictment was

drawn, and sentence pronounced, under the Act of February 26th 1855 (P. L. 53; Purd. Dig. 946, pl. 40), which provides as follows:

"Section 1. It shall not be lawful for any person or persons to sell, trade or barter in any spirtuous or malt liquors, wine or cider, on the first day of the week, commonly called Sunday; or for the keeper or keepers of any hotel, inn, tavern, ale-house, beer-house or other public house or place, knowingly to allow or permit any spirtuous or malt liquors, wine or cider to be drank on or within the premises or house occupied or kept by such keeper or keepers, his, her, or their agents or servants, on the said first day of the week."

Section 2 provides for the recovery by civil process of a penalty for violation.

"Section 3. In addition to the civil penalties imposed by the last preceding section (section 2) for a violation of the provisions of the first section of this Act, every person who shall violate the provisions of that section, shall be taken and deemed to have committed a misdemeanor, and shall, on conviction thereof, in any criminal court in this Commonwealth, be fined in any sum not less than ten nor more than one hundred dollars, and be imprisoned in the county jail for a period not less than ten nor more than sixty days, at the discretion of the court."

Section 11 of the Act of April 12th 1875 (P. L. 40), is as follows:

"Section 11. That it shall not be lawful for any person, with or without license, to sell to any person any intoxicating drink, on any day on which elections are now, or hereafter may be required to be held, nor on Sunday, nor at any time to a minor or to a person visibly affected by intoxicating drinks."

Section 4 of the same Act provides:

"That any sale made of vinous, spirtuous, malt or brewed liquors, or any admixture thereof, contrary to the provisions of this law, shall be taken to be a misdemeanor, and upon the conviction of the offense, in the court of Quarter Sessions of the peace of any city or county, the person so offending shall be sentenced to pay a fine of not less than two hundred, nor more than five hundred dollars, with the costs of prosecution, and to stand convicted until the sentence of the court is complied with, not exceeding ninety days, etc."

*Hazlett & Williams*, with *Rock*, for the plaintiffs in error.—We contend that section 3 of the Act of February 26th 1855, under which sentence was pronounced, was repealed by the Act of April 12th 1875, sections 11 and 4 (P. L. 40). Both Acts legislate on the same subject, and the repugnancy between them, so far as the penalties are concerned, is so great that the

[Sifred v. Commonwealth.]

latter repeals by implication the former, pro tanto, under the accepted authorities : Bartlet v. King, 12 Mass. 545 ; Johnston's Estate, 33 Penn. St. 511 ; Commonwealth v. Cromley, 1 Ash. 179 ; Gwinner v. R. R. Co., 55 Penn. St. 126 ; Commonwealth v. Allegheny Co., 40 Penn. St. 348 ; Keller v. Commonwealth, 71 Penn. St. 413 ; Southwark Bank v. Commonwealth, 26 Penn. St. 446 ; Nusser v. Commonwealth, 25 Penn. St. 126 ; Commonwealth v. R. R. Co., 53 Penn. St. 62.

*W. H. Klingensmith* (with him *Silas A. Kline,* district attorney), for the defendant in error.—There is no necessary inconsistency between the two Acts.   The Act of 1875 having expressly repealed one Act, the implication is that it was not intended to repeal others.   If the position of the plaintiffs in error is correct, that the 11th section of the Act of 1875 repeals the Act of 26th February 1855, then it must also be good as to the Act of 13th March 1872, relative to sales on election days, and the Act of 8th May 1854, relative to sales to minors and to " persons visibly affected."

Chief Justice MERCUR delivered the opinion of the court, January 7th 1884.

The plaintiffs in error plead guilty to an indictment containing two counts.   It is framed under section 1 of the Act of 26th February 1855, Pur. Dig. 946, pl. 38.   The first count charges them with selling liquors on Sunday ; the other count charges that they did unlawfully and knowingly allow and permit liquors to be drunk on Sunday, on and within the house and premises kept and maintained by them.   The court thereupon sentenced them to imprisonment for a period of sixty days, and imposed a fine of $100 and the costs of prosecution on each under section 3 of said Act.

The plaintiffs in error claim that in so far as this Act of 1855 prescribed the punishment for selling liquors on Sunday, it was repealed by the Act of 12th April 1875, P. L. 40.   Error is assigned to the sentence.

It is well settled that express provision of a subsequent law is not absolutely necessary to repeal a statute.   It may be repealed by necessary implication.   The leaning however of the courts is strongly against repealing the positive provisions of a former statute by construction : Dwarr. on Stat. 154.   The more natural, if not necessary, inference in all such cases is, that the legislature intend the new law to be auxiliary to, and in aid of the purposes of the old law.   There should therefore be such a manifest and total repugnancy in the provisions of the new law as to lead to the conclusion that the latter law abrogated, and was designed to abrogate the former.   There are

[Sifred *v.* Commonwealth.]

cases, however, in which it is held that although the latter statute be not repugnant to the former one, and there be no express provision in the latter repealing the former, yet if the latter prescribe the only rules which shall govern, it repeals the former one in all those respects in which it differs from the latter in the governing rule : *Daviess v.* Fairbairn, 3 How. U. S. R. 636. The general rule however is that there must be such a positive repugnancy between the provisions of the new statute and the old, that they cannot stand together or be consistently reconciled : Wallace *v.* Bassett, 41 Barb. 92 ; McCool *v.* Smith, 1 Black U. S. R. 459 ; Bank *v.* Commonwealth, 10 Barr 442 ; Brown *v.* County Commissioners, 9 Harris 37. If it be possible that both can stand by construction, then the proper inquiry is, what was the intention of the legislature ? Did it mean to repeal the former law, or was the new law intended to be merely cumulative ? United States *v.* Case of Hair Pencils, 1 Paine 400.

The Act of 1875 referred to contains twelve sections, yet no one of them makes any reference to the Act of 1855. Section 1 expressly repeals the Act of 27th March 1872, which authorized a vote to be taken every three years on the question of granting licenses to sell intoxicating liquors. Section 2 provides when and under what rules licenses for the sale of liquors may be granted. Section 3 provides for the classification of hotels, inns, and taverns, and specifies the sum which those of each class shall pay. Then section 4, inter alia, declares " that any sale made of vinous, spirituous, malt or brewed liquors, or any admixture thereof, contrary to the provisions of this law, shall be taken to be a misdemeanor, and upon the conviction of the offence in the court of Quarter Sessions of the peace of any city or county, the person so offending shall be sentenced to pay a fine of not less than $200, nor more than $500."

The previous sections of the Act changed the classification and increased the sums which the keepers of hotels were required to pay for licenses under previous laws, and section 4 imposed the penalty stated for their violation. Section 5 provides that the fines, penalties, and proceeds of forfeited bonds, be paid to the city or county treasurer. Section 6 directs every constable to make return of retailers of liquors, and also under oath of any unlicensed place within his bailiwick, within his knowledge, kept and maintained in violation of this Act, and upon his willful failure to do so, after being duly notified in writing, he shall be deemed guilty of the crime of perjury, and subject to its penalties. Section 7 provides, when a person has the habit of drinking intoxicating liquor to excess, that either member of his family therein specified may give written notice to any person not to sell or deliver intoxicating liquor

[Sifred *v.* Commonwealth.]

to the person having such habit, and if the person so notified does sell and deliver such liquor to the person having such habit, the person giving the notice may in action of tort recover of the person notified any sum not less than $50, nor more than $500, as may be assessed by "the court or judge" as damages. Section 8 prohibits non-residents of this Commonwealth from engaging in selling, trading, or vending intoxicating liquor within the Commonwealth. Section 9 provides for the cancellation of bonds given under the Act, and the releasing of sureties therefrom. Section 10 prescribes the form and condition of the bond which shall be executed to obtain a license to sell intoxicating drinks. Section 11 declares "it shall not be lawful for any person, with or without license, to sell to any person any intoxicating drink, or any day on which elections are now or hereafter may be required to be held, nor on Sunday, nor at any time to a minor or to a person visibly affected by intoxicating drinks." This is the whole section. Neither it nor the subsequent section prescribes any penalty for its violation. It is by virtue of this section, standing as it does removed from section 4, and making no reference thereto, that the plaintiffs in error claim the punishment prescribed by the Act of 1855 is repealed.

We have thus referred to the Act of 1875 at length and in detail, to show that no part thereof, in any manner, refers to the Act of 1855. That no repeal of the latter was intended is apparent from the whole Act of 1875.

1. Any existing Act supposed to be in conflict therewith, or superseded thereby, was expressly repealed by the first section.

2. The Act clearly indicates an intention to present separately the different requirements of the law, and to provide a specific penalty for the violation of each. Thus the punishment prescribed in section 4 was designed to apply to violations of the law under previous sections of the Act. Section 6 made certain acts a crime, and immediately provided a specific penalty therefor. In like manner section 7 created an offence, and prescribed the penalty to be imposed on the offender.

No section prior to section 11, in any manner refers to any of the offences therein stated. We are satisfied there was no intention to subject a person guilty of the acts mentioned in the eleventh section to the penalties prescribed in the fourth section. The reasonable conclusion is, that section 11 was added through abundance of caution to negative any presumption that the licenses granted under sections 2 and 3 would authorize the sale of liquor on any of the days mentioned in section 11.

[Pennock *v.* Stewart.]

The Act of 8th May 1854, authorized the imposition of a fine and imprisonment for willfully furnishing intoxicating drinks to any person of known intemperate habits, to a minor or to an insane person, for use as a beverage. The Act of 26th February 1855, before cited, authorizes the imposition of a fine and imprisonment on one selling liquor on Sunday, or on one permitting it to be drank on that day on his premises. The Act of 13th March 1872, makes it a misdemeanor to sell, furnish, or give away, to be used as a drink, any intoxicating beverage on election days, when by law, an election is in progress in said district, and subjects the offender to imprisonment for a term of not more than one hundred days, and to a fine of not more than five hundred dollars.

Although the Act of 1875 does not refer to any of these former Acts, nor to the punishments provided for those offences, yet the construction claimed for the Act of 1875, by the plaintiffs in error, would modify all those several Acts, and strike therefrom all power of the courts to sentence to imprisonment persons convicted of the offences therein stated. This is asking us to assume too much. We are not questioning legislative power to repeal or modify the sentences to be imposed. We are merely considering the question of implied intention, to be gathered from the language used. We think the power given to the court to sentence under the Act of 1855, was in no manner repealed by the Act of 1875.

Judgment affirmed.