|160   89|
|177   117|

## West Chester Alley.   Painter's Appeal.

*Road law—Statutes—Repeal—Acts of June* 13, 1836, *May* 16, 1891.

The jurisdiction of the court of quarter sessions to lay out and open streets and alleys in the borough of West Chester under the general road law of June 13, 1836, P. L. 551, is not repealed by the act of May 16, 1891, P. L. 75, entitled "An act in relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construc-tion of bridges in the several municipalities of this commonwealth," etc. The act of 1891 merely provides an additional method for the opening of streets and alleys in municipalities.

Argued Feb. 9, 1894.   Appeal, No. 191, Jan. T., 1894, by
U. H. Painter et al., property owners, from order of Q. S.
Chester Co., dismissing exceptions to report of street view-
ers.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and
FELL, JJ.   Affirmed.

Exceptions to report of street viewers. ·

The following opinion was filed by HEMPHILL, J.:

" The borough of West Chester was incorporated by an act of
assembly passed March 28, 1799 ; but neither this act nor any
of the supplements thereto conferred upon its corporate author-
ities the power to lay out, open or widen streets or alleys with-
in its limits; and as it has never been brought within the
provisions of the general borough law of 1851 and supplements,.
either by its own action or act of the legislature, its streets and.
alleys have consequently been laid out, opened and widened
under the general road laws of the commonwealth.

" On May 16, 1891, the legislature passed an act, entitled
' An act in relation to the laying out, opening, widening,
straightening, extending or vacating streets and alleys, and the
construction of bridges, in the several municipalities of this.
commonwealth,' etc.

" This act, the exceptants contend, prescribes a new, uniform
and exclusive method for the laying out, opening, widening,.
etc., of streets and alleys in all the municipalities of this com-
monwealth ; renders inoperative in said municipalities the pro-
visions of the general road law of June 13, 1836, and ousts the
jurisdiction of the court of quarter sessions, transferring the
proceedings from it to either the court of common pleas or to
the municipal authorities.

" The act of 1891, says the Supreme Court, in Hanover Bor-
ough's Appeal, 150 Pa. 204, ' is an affirmative act, conferring
additional and cumulative powers on municipalities of all grades,
but repealing no prior statute expressly, nor any portion there-
of by implication, unless the system provided by it is so incon-
sistent with that previously existing as to make it impracticable
for them to stand together.'

" The question then is, does there exist such an irreconcila-
ble inconsistency or repugnancy between the act of 1891 and
those provisions of the act of 1836 which have heretofore gov-

erned the laying out, opening, etc., of streets and alleys in the borough of West Chester, that they cannot stand together, and that the latter is therefore repealed by implication ?

" Under the act of 1836, streets and alleys were laid out, opened, etc., by a jury appointed, upon petition, by the court of quarter sessions. Has the act of 1891 prescribed a different and inconsistent mode ?

" All the powers conferred by this act, relative to the laying out, opening and widening of streets and alleys, are to be found in its 1st, 8th and 9th sections.

" The 1st provides ' That all municipal corporations of this commonwealth shall have power, whenever it is deemed necessary in the laying out, opening, widening, extending or grading of streets, lanes or alleys, . . . . to take, use, occupy or injure private lands, property or material.' No power is here conferred to lay out, open, etc., streets and alleys, but when that power already exists and is being exercised, ' in the laying out, opening,' etc., an additional power is conferred upon the municipality, if ' it shall be deemed necessary,' ' to take, use, occupy or injure private lands, property or material.'

" Nor is the power claimed conferred by the 8th section. The first paragraph of that section provides that ' every municipal corporation shall have power to lay out, establish or re-establish,' not streets and alleys, but ' grades of streets and alleys,' and the second empowers said corporations, ' upon a petition of a majority of property owners in interest and number, abutting on the line of the proposed improvement, . . . . to grade, pave, curb, macadamize and otherwise improve any public street or public alley,' etc.

" The 9th section does however authorize said municipalities ' to open, widen, straighten or extend streets or alleys, or parts thereof, within its limits, and to vacate the same,'—but only ' upon the petition of a majority in interest and number of owners of property abutting on the line of the proposed improvement.' But even this section does not authorize municipalities to lay out or ordain streets and alleys, but only ' to open, widen, straighten or extend ' them when laid out ; and though it should be held that in the power to open is included the power also to lay out, still this would be only an additional, and not the sole and exclusive method.

" As was said by the Supreme Court in commenting upon this section, in Hanover Borough's Appeal, supra, where the laying out, opening, etc., of streets was regulated by the act of April 3, 1851, the general borough act : ' There is nothing repugnant in the existence of two methods of initiating the improvement. . . . A precise analogy is to be found in the city of Philadelphia, where streets may be opened, on their own motion, by councils, or by the court of quarter sessions upon petition, and doubtless similar double methods coexist in other municipalities of the state.   Repeals by implication are never favored, and the implication would have to be very strong indeed to justify a court in adjudging an implied repeal of the power to lay out, open and widen streets, which has existed in some form from the colonial days, and is an essential part of our modern conception of a municipality of any grade.'

" The act of 1891 apparently assumes that the power to survey, lay out and ordain streets and alleys in the municipalities of the commonwealth already exists somewhere ; and that power it does not pretend to alter or interfere with, as its provisions become available only after that power has been exercised by the proper tribunal, and the streets and alleys have been surveyed and laid out.

" Being of the opinion therefore that the act of 1891 merely provides an additional method for the opening of streets and alleys in municipalities, and does not by implication repeal the provisions of the act of June 13, 1836, relating to the same, the exceptions are dismissed, and the report of the jury is confirmed."

*Errors assigned* were dismissing exceptions, quoting them.

*William T. Barber* and *R. T. Cornwell, Gibbons Gray Cornwell* with them, for appellants, cited : Acts of May 16, 1891, P. L. 75 ; June 13, 1836, P. L. 551 ; March 28, 1799, 3 Sm. L. 361 ; March 31, 1823, 8 Sm. L. 134 ; June 12, 1893, P. L. 459 ; April 3, 1851, P. L. 320 ; April 22, 1856, P. L. 525 ; South Chester Road, 80 Pa. 370 ; Parkesburg Streets, 124 Pa. 511 · Johnston's Est., 33 Pa. 511 ; Gwinner v. R. R., 55 Pa. 126 ; Hand v. Fellows, 148 Pa. 461 ; Hanover Boro.'s Ap., 150 Pa. 202 ; Norwegian St., 81 Pa. 349 ; Somerset & Stoystown Road, 74 Pa. 61.

*A. M. Holding* and *Wm. Butler, Jr., Thos. S. Butler, Wm. S. Windle* and *R. E. Monaghan* with them, for appellee, cited: Acts of May 16, 1891, P. L. 75; Ib., P. L. 71; June 13, 1836, P. L. 551; Wyoming Street, 137 Pa. 494; Pittsburgh's Ap., 138 Pa. 401; Donley v. Pittsburgh, 147 Pa. 350; Reynolds Street, 2 Dist. R. 65; Hand v. Fellows, 148 Pa. 461; McCall v. Coates, 148 Pa. 462; Com. v. George, 148 Pa. 463; Hanover Boro.'s Ap., 150 Pa. 204; Mercer Borough Road, 14 S. & R. 447; Callowhill St., 32 Pa. 361; Trickett on Boroughs, 277–9; Sharett's Road, 8 Pa. 89; Com. v. Montrose Council, 52 Pa. 391.

PER CURIAM, February 26, 1894:

The single question presented by this record is, whether the jurisdiction of the court of quarter sessions to lay out and open streets and alleys in the borough of West Chester under the general road law of June 13, 1836, was abrogated by the act of May 16, 1891, P. L. 75, entitled: "An act in relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construction of bridges in the several municipalities of this commonwealth," etc.

After a careful consideration of the subject, and for reasons which are entirely satisfactory, the learned judge of the court below came to the conclusion "that the act of 1891 merely provides an additional method for the opening of streets and alleys in municipalities, and does not by implication repeal the provisions of the act of June 13, 1836, P. L. 551, relating to the same" subject. The logical result of this conclusion was the decree dismissing exceptions to the report of the viewers and confirming their report.

All that is necessary to be said on the controlling question in the case will be found in the clear and able opinion of the learned judge of the quarter sessions; and on that we affirm the decree.