## Commonwealth *v.* Vetterlein, Appellant.

*Statutes—Repeal—Implication—Repugnance.*

Repeals by implication are not favored. To warrant such construction there must be a manifest and total repugnance between the provisions of the old law and the new, sufficient to lead to the conclusion that the new was intended to abrogate the old. The more natural if not necessary inference in all such cases is that the legislature intended the new law to be auxiliary to and in aid of the purposes of the old.

A later act treating a subject in general terms but not expressly contradicting the provisions of a former statute, is not to be construed as intended to affect the more particular and specific provisions of the earlier acts, unless such construction is alsolutely necessary.

*Statutes—Repeals—Mercantile appraisers—Appeals—Acts of April* 11, 1862, *P. L.* 492, *and May* 2, 1899, *P. L.* 184.

The act of April 11, 1862, providing that an appeal from an assessment of the board of mercantile appraisers must be taken within ten days, is not repealed by the act of May 2, 1899, which affirms the right of appeal, but is silent as to limitation of time.

Argued Oct. 14, 1902. Appeal, No. 81, Oct. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1901, No. 861, making absolute rule for judgment, for want of a sufficient affidavit of defense, in case of Commonwealth v. Joseph S. Vetterlein, trading as Vetterlein. Before RICE, P. J. BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from assessment of the board of mercantile appraisers.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Rudolph M. Schick,* for appellant.—The portion of the act of 1862, relating to appeals, is repealed by the act of 1899: Jadwin v. Hurley, 10 Pa. Superior Ct. 104; Easton Bank v. Com., 10 Pa. 442; Sifred v. Com., 104 Pa. 179; Erie v. Bootz, 72 Pa.

196 ; Fort Pitt B. & L. Assn. v. Model Plan B. &. L. Assn., 159 Pa. 308 ; Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347 ; Gwinner v. Lehigh, etc., R. R. Co., 55 Pa. 126 ; Johnston's Est., 33 Pa. 511.

*Ira Jewell Williams*, with him *J. Martin Rommell* and *John P. Elkin*, for appellee.—Defendant did not appeal within ten days as required by the act, and hence is precluded from making the defense that he is not a dealer : Crist v. Morris, 2 W. N. C. 620.

Repeals by implication are not favored by the law : Hendrix's Account, 146 Pa. 285 ; Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347 ; Street v. Commonwealth, 6 W. & S. 209 ; Com. v. Easton Bank, 10 Pa. 442 ; Brown v. County Com., 21 Pa. 37 ; Morris v. Del., etc., Canal Co., 4 W. & S. 461 ; Robbins v. State, 8 Ohio, 131 ; Sutherland on Statutory Constructions, 179 ; Elrod v. Gilliland, 27 Ga. 467 ; People v. Durick, 20 Cal. 94 ; Ely v. Bliss, 2 DeG. M. & G. 459 ; Barklay v. Leas, 9 Pa. C. C. Rep. 314.

The legislature could not have intended to repeal the provision of the act of 1862, as to the time within which the appeal must be taken : Williams v. Pritchard, 4 Term Rep. 2.

A general statute without negative words does not repeal a previous statute which is particular, even through the provisions of one be different from the other : Morrison v. Fayette County, 127 Pa. 110 ; Murdock's Petition, 149 Pa. 341 ; Rymer v. Luzerne Co., 142 Pa. 108.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902 :

The judgment in this case was entered for want of sufficient affidavit of defense. The proceeding was by an appeal to the common pleas from the assessment of the board of mercantile appraisers in the city of Philadelphia. The license tax was assessed against the defendants as dealers and vendors of goods, wares and merchandise. The affidavit set up that the defendants were manufacturers and not dealers. The judgment was entered not because of the infirmity of this defense but because the record showed that the appeal was taken to the common pleas more than ten days after the board of mercantile appraisers had ratified the assessment. The sole question in the

case is whether the defendants were bound to take their appeal within ten days. The act of April 11, 1862, gives an appeal but provides that it must be taken within ten days. The act of May 2, 1899, affirms the right of appeal but is silent as to limitation of time. The defendant contends that the latter act is a repeal of the former in respect to the limitation of time.

The clause of the act of 1862 is found in section 1, and (without quoting context) provides that, " Any person so ascertained and assessed, who shall fail to attend such appeal, or to appeal from the decision of the appraiser to the proper court of common pleas, within ten days thereafter; which appeal the said court is required to hear and determine within twenty days after such appeal shall be taken, or at the next succeeding sitting of the said court ; or having so appealed and the court having determined the same, shall not be permitted to set up as a defense to the recovery of the amount of the license, which he is required to pay, when suit shall be brought for the recovery of the same, either that he is not a dealer . . . . or any other ground of defense which might have been heard and determined, either by said mercantile appraiser or the court of common pleas, on appeal, as aforesaid."

Section 6 of the act of 1899, contains the following clause : " Any vendor or dealer subject to the provisions of this act, who is dissatisfied with the rating so made by the mercantile appraiser, shall have the right of appeal to the mercantile appraiser and county treasurer, who are required to hear him on the day so fixed for the appeal; if the vendor or dealer is still dissatisfied with the finding of the county treasurer and mercantile appraiser, or board of appraisers, in reference to the proper classification of said vendor or dealer, he shall have the right of appeal to the court of common pleas of the proper county, which appeal the said court is required to hear and determine within twenty days after such appeal shall be taken, or at the next sitting thereof. If any person fails to attend the appeal before the county treasurer and mercantile appraiser, board of appraisers, or the court, he shall not thereafter be permitted, in a suit for the recovery of said mercantile license tax, to set up as a defense either that he is not a vendor or dealer . . . . or any other ground of defense, which might have been

heard and determined either by said county treasurer and mercantile appraiser, board of appraisers, or the court of common pleas, on appeal, as aforesaid." ·

These extended quotations are necessary since without them the application of the appellant's argument would not be credited with its proper force. The clauses are strikingly alike. The act of 1899 further provides in section 12 that " all acts or parts of acts, general, special or local, inconsistent herewith, be and the same are hereby repealed."

(1) The defendants assert first that in view of the clause of repeal just quoted, the latter statute repeals the former inasmuch as the provisions of the later statute are repugnant to and inconsistent with the earlier.

(2) They contend further that the later statute revises the whole subject-matter of the former act and is intended as a substitute for it (notwithstanding that it contains no express words to that effect) and that it operates as a repeal.

These two propositions are developed with skill and persuasiveness in the appellant's brief. The conclusion, however, to which they tend would palpably work a miscarriage of legislative purpose. To hold with the appellants would be to construe the act of 1899 as creating a right of appeal to the common pleas unconditioned upon limitation of time. This act did not create the right of appeal since the act of 1862 had already given it. It affirms the right and is silent as to limitation. If the limitation of the act of 1862 is not carried into the act of 1899, the appeal might be taken at any time, according to the appellant's contention. The result of this would be that the appeal need never be taken until made necessary by an attempt to avoid the collection of the tax. The act of 1899 in putting a time limit upon the court to hear and determine within twenty days after appeal, indicates clearly that delay in determining the propriety of the assessment is not to be permitted. This expression of legislative intent is at variance with the purpose of creating a right of appeal to be taken whenever the appellant may choose.

It is to be remembered that repeals by implication are not favored: Erie v. Bootz, 72 Pa. 196. To warrant such construction there must be a manifest and total repugnance between the provisions of the old law and the new sufficient to lead to

the conclusion that the new was intended to abrogate the old. The more natural if not necessary inference in all such cases is that the legislature intended the new law to be auxiliary to and in aid of the purposes of the old : Hendrix's Account, 146 Pa. 285 ; Sifred v. Commonwealth, 104 Pa. 179. It is apparent from examination of the acts of 1862 and 1899, in respect to the provisions made for taking appeal, that the later act is couched in general and affirmative language. A later act treating a subject in general terms but not expressly contradicting the provisions of a former statute, is not to be construed as intended to affect the more particular and specific provisions of the earlier acts unless such construction is absolutely necessary. Generalia special ibus non derogant. The rule that a general statute without negative words does not repeal a previous statute which is particular, even if the provisions of one be different from those of the other, has been often applied: Rymer v. Luzerne Co., 142 Pa. 108 ; Brown v. County Commissioners, 21 Pa. 37 ; Morrison v. Fayette County, 127 Pa. 110 ; Murdock's Petition, 149 Pa. 341. The act of 1862 is explicit and particular. The appeal provided for shall be taken within ten days. The act of 1899 re-enacts many of the provisions of the former act, but in referring to the taking of appeal the language is general. The two provisions are not inherently repugnant. They can stand together. The broader provision for an appeal makes it possible to read into it the older provision that the appeal must be taken within ten days.

To hold with the appellant in this case would be to violate the intention of the legislature, to confuse a system of taxation and to obstruct tax collection in a manner and to a degree never intended by the provisions of the legislation before us.

The judgment is affirmed.