## Ochall v. Dvorak.

*Leo W. White*, for plaintiff; *William A. O'Connor*, for defendant.

VALENTINE, J., March 11, 1929.—This action of trespass to recover damages sustained by the collision of defendant's and plaintiff's motor-vehicles on July 18, 1926, was instituted before a justice of the peace Feb. 18, 1927, and, on appeal, referred to Hon. H. A. Fuller, who, by original report found for the plaintiff, later sustained defendant's exceptions and directed judgment in his favor, and finally sustained plaintiff's exceptions to the supplemental report and directed judgment in favor of the plaintiff for $104.10.

The defendant's contention is that the alderman was without jurisdiction, in that the claim of the plaintiff exceeded the sum of $100, the original claim being $154.10.

Both plaintiff and defendant are residents of this county, in which place the collision occurred. The exceptions raise the sole question of law, whether jurisdiction is lacking by reason of the fact that the plaintiff's claim before the justice of the peace exceeded the sum of $100. The answer to this question depends upon the construction of section 30 of the Act of June 14, 1923, P. L. 718, 749, providing: "All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if the plaintiff has had said dam-

ages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent, or said action may be brought in the Court of Common Pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county: Provided, that no action involving more than one hundred dollars shall be brought before any alderman, magistrate or justice of the peace."

Section 1 of the Act of July 7, 1879, P. L. 194, confers upon aldermen, magistrates and justices of the peace "concurrent jurisdiction with the Courts of Common Pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion wherein the sum demanded does not exceed $300."

Under this provision and prior to the Act of May 25, 1887, P. L. 271, the proper remedy for the damages claimed in this case would have been trespass *vi et armis*, and after the passage of the Act of 1887 would have been trespass. Trespass is proper where the injury is by the direct act of the party, whether done wilfully or negligently: Strohl *v.* Levan, 39 Pa. 177. The claim in the present case is of a character of which a justice of the peace has jurisdiction under the Act of 1879 (Sprout *v.* Kirk, 80 Pa. Superior Ct. 514), although a claim for consequential damages resulting from negligent driving by defendant's employees is not of such character: Wildasin *v.* Martin-Parry Co., 2 D. & C. 173. However, section 30 of the Act of June 14, 1923, *supra*, enlarges the jurisdiction of justices of the peace so as to include actions for indirect or consequential damages in cases falling within its provisions: Campbell *v.* Krautheim, 4 D. & C. 577.

Can section 30 be regarded as repealing the provisions in the Act of 1879, *supra*, that aldermen and justices of the peace shall have . . . jurisdiction of all actions of trespass . . . wherein the sum demanded does not exceed $300? Repeals by implication are not favored. To warrant such construction there must be a manifest and total repugnance between the provisions of the old law and the new, sufficient to lead to the conclusion that the new was intended to abrogate the old. The more natural if not necessary inference in all such cases is that the legislature intended the new law to be auxiliary to, and in aid of, the purposes of the old: Com. *v.* Vetterlein, 21 Pa. Superior Ct. 587.

Granting that the legislative intent as to the interpretation of section 30 is not clearly expressed, yet, by judicial construction, the conclusion has been reached, and on principle seems sound, that this section applies only in cases in which the defendant is a non-resident of the county wherein the alleged damages were sustained. The provision relative to suits before justices of the peace was not necessary in order to give such officers jurisdiction of an action such as is involved in the present case. Independently of section 30, a justice of the peace would (under the Act of 1879) have jurisdiction of such a cause of action wherein the claim did not exceed $300.

In Sharp *v.* Boyer, 6 D. & C. 597, Judge Stotz reached the conclusion that section 30 of the Act of 1923, *supra*, did not repeal the provision contained in the Act of July 7, 1879, *supra*, that aldermen, magistrates and justices of the peace shall have concurrent jurisdiction with the Court of Common Pleas of all actions of trespass not exceeding $300. In Petros *v.* Crawl, 74 Pitts. L. J. 55, Judge Jones reached the same conclusion, as did Judge Rowland in Smith *v.* Algeo, 74 Pitts. L. J. 224; and in Wenger *v.* Dull, 10 D. & C. 163,

Judge Hassler decided that the $100 limitation in section 30 of the Act of 1923, *supra*, applied only to suits against non-resident defendants, and that a justice of the peace had jurisdiction in a suit to recover $150 damages for injury to the plaintiff's automobile by collision.

Again, in the recent case of Wasilewski *v.* Search, 25 Luzerne Legal Reg. 71, Judge Fine held that the section in question had no application where defendant sued for damages resided in the county where suit was brought, and that in such case the jurisdiction of the alderman or justice of the peace was not limited to $100.

These authorities seem decisive of the present case and cause us to conclude that Judge Fuller's final ruling was correct.

The exceptions of the defendant to the report of the referee are overruled, and the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for $104.10, with interest from Feb. 18, 1927.

From Frank P. Slattery, Wilkes-Barre, Pa.