## Appeal of Susquehanna Market House Company

*M. C. Rhone*, for appellant; *Frank P. Cummings*, for respondent.

LARRABEE, J., July 14, 1934.—Susquehanna Market House Company, a corporation, took this appeal from the triennial assessment placed by the assessor for the City of Williamsport in the year 1931, on its property situated near the southwest corner of Market and Fourth Streets in the City of Williamsport, at which said property was assessed in the sum of $42,965. The owner first appealed to the board of revision of taxes and appeals for the city, which board refused to reduce the assessment, and from this action it took an appeal to this court under the provisions of section 2521 of the Act of June 23, 1931, P. L. 932.

When the case came on to be heard, the respondent, the City of Williamsport, raised the objection that this court had no jurisdiction in the case, due to the fact that the appeal had not been taken within the 60-day period fixed by section 2521 of the Act of June 23, 1931, regulating the procedure for taking such appeals, which provides, inter alia:

"Any owner of taxable property who may feel aggrieved by the last or any future assessment or valuation . . . may appeal from the decision of the board of revision of taxes and appeals to the court of common pleas . . ., and, for that purpose, may present to said court, or file in the prothonotary's office, within sixty days after the board of revision of taxes and appeals have held the appeals provided for by law and acted on the said assessments and valuations, . . ."

It appears that this appeal was not presented to the court of common pleas until January 21, 1932.

The only testimony before the court, as to the date when the appeal from the action of the city assessor was finally acted upon by the board of revision of taxes and appeals, is that of the city clerk, who testified that the records of his office show that the said appeal from this assessment by the assessor was finally acted upon by said board on November 20, 1931, and this testimony was not disputed.

If we exclude the date when this assessment was finally acted upon by said board, to wit, November 20, 1931, we find the petition praying for an allowance of this appeal was presented to the court of common pleas on the sixty-second day after final action was taken by the board of revision of taxes and appeals. Furthermore, the court finds, upon consulting the calendar, that the sixtieth day after November 20, 1931, did not fall on a Sunday or a holiday, and therefore appellant cannot invoke in its behalf the benefit of the Act of June 20, 1883, P. L. 136, which provides, inter alia, that, where the final date for the performance of any such act falls on Sunday or a legal holiday, it shall be a

sufficient compliance with the requirements if such act is performed on the day following the Sunday or holiday.

The sole question in the case is whether the appellant was bound to take its appeal to the court of common pleas within 60 days from the date of final action thereon by the board of revision of taxes and appeals, in the absence of notice to the taxable of the board's action.

Appellant argued that it would have been a wise provision had the said Act of June 23, 1931, regulating the procedure for appeals in these assessments, expressly stipulated that, when the board of revision of taxes and appeals had finally acted on an appeal from an assessment made by the city assessor, written notice should thereupon be given the taxable, and counsel contended that such a requirement is implied in the statute by the very nature of the requirement that appeals be brought within the 60-day period.

The act is silent as to any requirement of notice to be given a taxable by the board, and this court does not find any authority that would justify it in trying to imply, or read into the statute, a provision requiring that notice be given the taxable by the board. It may be answered with like force that the taxable, having been given notice of the date when the appeal would be heard by the Board of Revision of Taxes and Appeals, and having appeared before the board to protest against the assessment, at least knew that the board then had the appeal under consideration, and a duty rested upon it of making due inquiry at the office of the board to learn whether its appeal had been finally acted upon.

We are mindful of the well-established principle that statutes should be strictly construed. The appellant has been unable to cite any decision of the appellate courts of our State which would warrant us in permitting this appeal to be taken after the statutory 60-day period has elapsed, nor did appellant cite any statute which would justify the court in assuming jurisdiction of this appeal.

We have found a decision by the Superior Court which we feel offers a guide to aid us in passing on this matter, to wit, that of Commonwealth v. Vetterlein, 21 Pa. Superior Ct. 587. In that case, it appears that an appeal was taken from an assessment made by the board of mercantile appraisers for the City of Philadelphia, which appeal was regulated by the Act of April 11, 1862, P. L. 492, which provides as follows, to wit:

"Any person so ascertained and assessed, who shall fail to attend such appeal, or to appeal from the decision of the appraiser to the proper court of common pleas, within ten days thereafter; . . , shall not be permitted to set up as a defence to the recovery of the amount of the license, which he is required to pay, . . . either, that he is not a dealer . . . or any other ground or defence which might have been heard and determined, either by said mercantile appraiser or the court of common pleas, on appeal, as aforesaid. . . ."

The Superior Court, in referring to the judgment of the lower court, said:

"The judgment was entered not because of the infirmity of this defense but because the record showed that the appeal was taken to the common pleas more than ten days after the board of mercantile appraisers had ratified the assessment. The sole question in the case is whether the defendants were bound to take their appeal within ten days. . . .

"The act of 1862 is explicit and particular. The appeal provided for shall be taken within ten days. . . .

"To hold with the appellant in this case would be to violate the intention of the legislature, to confuse a system of taxation and to obstruct tax collection in a manner and to a degree never intended by the provisions of the legislation before us."

A reading of the provisions of the above-mentioned Act of April 11, 1862, P. L. 492, sec. 1, construed by the Superior Court in Commonwealth v. Vetterlein, supra, shows that no requirement is contained therein for notice to be given the taxable by the board of mercantile appraisers after such board has acted upon his appeal. Therefore, in that particular, there is no distinction between the requirements of that act and those of the act under which the appeal from the board of revision of taxes and appeals in the instant case is to be taken to the court of common pleas. Each of these acts simply provide the limit within which the taxable must take his appeal to the court of common pleas from the final action taken by either the board of mercantile appraisers in the one case or the board of revision of taxes and appeals in the other, and each act is silent as to requirement of notice to the taxable.

The record and the evidence show that the petitioner, Susquehanna Market House Company, failed to present its appeal to this court, or to file the same with the prothonotary's office, within the 60-day period fixed by statute.

In view of the reasons stated, the court finds that this appeal was not taken within the statutory period of 60 days, but on the contrary was not presented to this court until the sixty-second day after the date on which said board of revision of taxes and appeals had finally acted on said assessment, and therefore this court did not acquire jurisdiction.

### Decree

And now, to wit, July 14, 1934, the appeal is dismissed, at the cost of the appellant.

NOTE.—No exceptions were filed to the foregoing decree nisi, which became final on August 7, 1934.

From Harry Alvan Baird, Williamsport, Pa.