## Keller et al. *v.* Staley et al., Appellants.

*Courts—Jurisdiction—Real estate—Landlord and tenant—Action to recover possession of—Judgment of magistrate—Appeals—County Court of Allegheny County—Act of December 14, 1863, P. L. 1125—Act of March 27, 1913, P. L. 17.*

The Act of December 14, 1863, P. L. 1125, 2 Stewart's Purdon 2194, providing for appeals from judgments of magistrates in actions for the recovery of real estate, is not repealed by the Act of March 27, 1913, P. L. 17, defining the jurisdiction of the County Court of Allegheny County.

An appeal from the judgment of a magistrate, in an action for the recovery of real estate, is properly taken to the court of common pleas.

*Statutes—Repeals—Repeals by implication.*

A discrepancy between the different parts of a system of legislation on the same general subject will not result in a repeal by implication. There must be conflict between different acts on the same specific subject. Repeal of statutes by implication is not favored and the presumption is always against an intention to repeal if there is not unrecoverable repugnancy between the provisions of the two acts.

Argued April 27, 1921. Appeal, No. 108, April T., 1921, by defendants, from judgment of C. P. Allegheny County, Oct. T., 1920, No. 1130, making absolute rule to strike off appeal from judgment of a magistrate in the case of Elliott Keller and Frank C. Keller v. J. A. Staley and M. L. Staley. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from judgment of magistrate in proceedings to recover possession of real estate under the provisions

of the Act of December 14, 1863, P. L. 1128 (1864), 2 Stewart's Purdon 2194.

The facts are stated in the opinion of the Superior Court.

Rule to strike off appeal on the ground that it should have been taken to the County Court of Allegheny County.

The court made absolute the rule and struck off the appeal. Defendants appealed.

*Error assigned,* among others, was the order of the court.

*S. L. Webb,* for appellants.

*Ernest Frey,* and with him *R. S.* and *James Balph,* for appellees.

OPINION BY HENDERSON, J., July 14, 1921:

This case was instituted before a magistrate by the plaintiffs to recover possession of certain premises leased by them to the defendants under an agreement in writing dated March 2, 1917. The appellee states in the brief filed that the proceeding is based on the Act of December 14, 1863, and the Act of March 31, 1905; although it does not appear from the pleadings that the facts bring it within the operation of the latter statute. Judgment having been entered against the defendants, an appeal was taken to the court of common pleas and a transcript of the proceedings before the magistrate was filed in that court. Thereafter a rule was entered by the plaintiffs to strike off the appeal for the reason that it should have been taken to the county court of Allegheny County. This rule was made absolute and the appeal stricken off. The question for consideration is, therefore, to which of the said courts should an appeal from the judgment of a magistrate, entered against the defendant in a proceeding for the recovery of the posses-

sion of demised premises brought by a landlord against a tenant, be taken?  Prior to the creation of the county court such an appeal must have been taken to the court of common pleas under the Act of 1863 which allows an appeal at any time within ten days after the rendition of the judgment.  The judgment of the court below was based on the Act of March 27, 1913, P. L. 17, which is a supplement to the Act of May 5, 1911, P. L. 198.  It provides "that in all civil suits other than suits for penalties brought after the first day of July, one thousand nine hundred and thirteen, before an alderman or justice of the peace in the County of Allegheny, whenever an appeal shall be taken by either party, under the provisions of such laws as regulate appeals in such cases, said appeal shall be taken to the county court of said county which court shall have exclusive jurisdiction in the first instance to hear and determine the same.  The transcript of the record of the alderman or justice shall be filed in the nearest office of the clerk of the county court within ten days after said appeal is taken; and upon the filing of said transcript the case shall proceed de novo as though originally instituted in the county court."  The act does not contain a repealing clause, but the court was of the opinion that there was an implied repeal of so much of the Act of 1863 as gave an appeal to the court of common pleas.  The soundness of this conclusion depends on the effect to be given to this amendment.  When the county court was created its jurisdiction, with exceptions not relevant to the present inquiry, was limited to all civil actions wherein only a money judgment was sought to be recovered, and actions of replevin in which the sum demanded or the value of the property replevied did not exceed $600, and this jurisdiction has not been changed by subsequent legislation except that the money value involved has been enlarged.  If the amendment of 1913 has the effect accorded to it in the judgment by the court below, it not only by implication repeals the Act of 1863 so far

as that act relates to appeals, but establishes a new method of trial for cases of this class. The Act of 1863 provides that such cases when appealed to the court of common pleas "shall be tried in the same manner as actions of ejectment"; while the amendment of March 27, 1913, provides that "upon the filing of said transcript, the case shall proceed de novo as though originally instituted in the county court." It will be seen, therefore, that giving the latter act the force claimed for it, jurisdiction is not only given to the county court of a class of cases not theretofore within its jurisdiction, but that a course of procedure is established of a different character from that provided in the act of 1863. What the course of procedure should be in the county court under the "de novo" regulation as applied to a case of this character is not declared in the act. As it is a proceeding to recover possession, the Act of 1863 requires that the case shall be tried as an ejectment in the court of common pleas. The county court has not jurisdiction of an action of ejectment unless conferred by the amendment under consideration. The procedure of such an appeal in that court must therefore be left to such regulations as the discretion of the court may suggest. We are not convinced that it was the intention of the legislature to produce this result, nor does it appear to be necessary to hold that there is such incompatibility between the Act of 1863 and the amendment of 1913 as to cause a repeal of the former statute. That act relates to a special subject and provides a special method for recovery of possession of demised premises. It is wholly out of the class of cases of which the county court may take cognizance under the statute creating it or the amending statutes other than that of March 27, 1913. Six days after the passage of the Act of March 27th, an amendment of the Act of May 5, 1911, was passed redefining the jurisdiction of the county court from which it appears that there was no purpose of the legislature to enlarge the jurisdiction of the court except as to the

value of the subject in controversy. The amendment of March 27, 1913, appears to have been enacted with reference to procedure in the county court rather than to give enlarged jurisdiction. We think it was not intended to confer on that tribunal authority to try on appeal in a proceeding de novo cases of a class not within its general jurisdiction. It is not contended that the whole Act of 1863 is repealed. On the contrary, it is relied on in part as the basis for the proceeding which we are considering. The method of trial in the appellate court is a logical one and well adapted to determine the matter in controversy. A very clear case should be presented therefore to require the court to hold that the legislature intended to repeal in part and leave the remainder of the statute in operation. The attitude of the courts is strongly against a construction which permits a repeal of the positive provisions of a former statute by implication. There must be such a manifest and total repugnance that the two cannot both stand. It was said in Com. v. DeCamp, 177 Pa. 112, that "it is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject. There must be conflict between different acts on the same specific subject," and this conflict must be so inconsistent and irreconcilable as to compel the conclusion that the latter was intended to repeal the former enactment. It is necessary to the implication of repeal that the objects of the two statutes be the same. If they are not, both will stand though they may refer to the same subject: U. S. v. Claflin, 97 U. S. 546. It is a well-established principle that the repeal of statutes by implication is not favored and the presumption is always against an intention to repeal if there is not irreconcilable repugnancy between the provisions of the two acts. A merely affirmative statute will not be held to repeal an older one where by reason of construction both can stand consistently together: Sifred v. Com., 104 Pa. 179; Rodedaugh v. Traction Co., 190 Pa. 358; Prov. L.

& T. Co. v. Klemmer, 257 Pa. 91; and this applies where a subsequent statute taken literally is contrary to a previous statute if at the same time the intention of the legislature is apparent that the previous statute shall not be repealed. Applying these principles to the case before us, we think the conclusion is warranted that it was not the intention of the legislature to repeal the Act of 1863 and to give jurisdiction to the county court to try on appeal the special class of cases covered by that statute, but that the jurisdiction of the court of common pleas continues with respect thereto. The decision in Com. v. Atlantic Refining Co., 67 Pa. Superior Ct. 551, is supposed to give some support to the contention of the appellee, but it will be observed that that was an action for a penalty recoverable as debts of like amount are recoverable. It was a demand therefore for a money judgment. The county court clearly had jurisdiction of the subject. The proposition decided in this court was that an appeal from the judgment of the county court in such a case should be taken to the Court of Common Pleas of Allegheny County and not directly to the Superior Court. It has no bearing on the question we are considering in the case now before us. The court was in error therefore in striking off the defendants' appeal.

The first assignment is sustained. The second assignment is not in compliance with the rules of this court and the question is not properly before us. The order is reversed and the appeal reinstated.