Com. of Pa. ex rel., *v.* Wm. C. Irvin, Appellant.

Argued September 25, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George Wanger,* for appellant.—Under the Act of May 2, 1905, P. L. 351, the compensation of a prosecuting attorney should be paid by the State Treasury.

*Samuel H. High,* and with him *John M. Dettra, Aaron S. Swartz, Jr., Louis M. Childs, II,* and *Samuel H. High, Jr.,* for appellee.—Counties have the primary responsibility for the cost of all criminal proceedings unless expressly relieved therefrom. Commonwealth v. Darmska, 35 Pa. Superior Ct. 580.

*Harris C. Arnold,* Deputy Attorney General, and with him, *Wm. A. Schnader,* Attorney General, for intervening appellee.

OPINION BY STADTFELD, J., November 13, 1933:

This is an appeal by the controller of Montgomery County from an order of the court below directing issuance of peremptory writ of mandamus against the controller. The command of the writ was in substance that the controller approve for payment a bill for $750 presented to the County of Montgomery by J. Stroud Weber, Esquire. Mr. Weber had been appointed by the attorney general, on written request of the president judge of Montgomery County, to act as special prosecutor of a number of cases pending in the Court of Quarter Sessions of that county. The order of appointment provided that Mr. Weber would receive such compensation from the County of Montgomery as should thereafter be fixed by the attorney general. Although the proceedings were instituted without formal written consent of the attorney general, the latter subsequently ratified the same and intervened in the proceedings as plaintiff and appellee. Mr. Weber, after his appointment, proceeded with the prosecution of the cases assigned, until December 28, 1931, when his resignation was accepted by the attorney general and his compensation fixed by the latter at $750. Mr. Weber's bill was approved by the county commissioners on March 3, 1932, and subsequently by two judges of the court in which he served. The county controller, William C. Irvin, refused payment on the ground that it was not a proper charge against the County of Montgomery. To the writ of alternative mandamus issued he filed an answer averring that the appointment was unnecessary, and denying that the attorney general had any authority in law to require the said compensation to be paid by the County of Montgomery. He further claimed that

the Act of May 2, 1905, Sec. 3, P. L. 351, was still in force and effect and that under it the salary and expenses incurred by a deputy attorney general, serving as special prosecutor, should be paid from the treasury of the Commonwealth. To this return a demurrer was filed on behalf of the use-plaintiff, and, after argument, the court entered an order giving judgment against the defendant and awarded a peremptory mandamus. From that order this appeal was taken by the defendant controller.

The appointment of the special attorney in this case was under the authority of Section 907 of the Act of 1929, P. L. 177, Purdon's Statutes, Title 71, Sec. 297 (commonly known as the Administrative Code), providing: "Special attorneys in Criminal Cases. When the president judge, in the district having jurisdiction of any criminal proceedings, before any court of oyer and terminer, general jail delivery or quarter sessions, in this Commonwealth, shall request the attorney general to do so, in writing, setting forth that, in his judgment, the case is a proper one for the Commonwealth's intervention, the attorney general is hereby authorized and empowered to retain and employ a special attorney or attorneys, as he may deem necessary, properly to represent the Commonwealth in such proceedings, and to investigate charges, and prosecute the alleged offenders against the law. Any attorney, so retained and employed, shall supercede the district attorney of the county in which the case or cases may arise, and shall investigate, prepare, and bring to trial the case or cases to which he may be assigned. He shall take the oath of office required by law to be taken by district attorneys, and shall be clothed with all the powers and subject to all the liabilities imposed upon them by law. The compensation for services rendered and necessary expenses incurred by such attorney or attorneys, shall be fixed by the attorney general."

(1)  As to the question of the necessity of the appointment of the special attorney, the first question raised by appellant, Section 907, supra, expressly provides, ...... "When the president judge, ...... shall request the Attorney General to do so, in writing, setting forth that, in *his* judgment, the case is a proper one for the Commonwealth's intervention, the Attorney General is hereby authorized, etc." (Italics supplied). .

It has been uniformly held that it is the duty of the controller to see that the bill he is asked to pay has been lawfully contracted, that the full statutory procedure has been followed, that the services for which the bill is presented have been rendered and that, where necessary, an appropriation has been made to pay it. In some matters his duty is purely ministerial, while as to others, he has discretionary power. In Com. ex rel. Greer v. Wertz, 251 Pa. 241, two grand juries, acting under certain Acts of Assembly, had recommended and approved alterations to the county court house, and their report and the plans and specifications had in turn been approved by the court, also acting under these Acts, it was held that the county controller had no discretion to refuse to perform his duty to advertise for bids for the work on the ground he does not approve the extent or necessity of the alterations. In Nicely v. Raker, 250 Pa. 386; the Court of Common Pleas of Northumberland County under the provisions of a certain Act of Assembly had entered a decree authorizing and directing a change in the mode of indexing deeds in the Recorder's Office by making a new set of indexes, directing that the materials be purchased and authorizing the Recorder of Deeds to contract with a suitable person to do the work at a price not exceeding a certain sum. When the work was done the contractor presented a certificate to the controller from the recorder showing an amount due him for the work. The

controller refused to approve the certificate, stating as his reason that he had investigated and in his opinion the bill exceeded the cost of the work. The Supreme Court held this to be of no concern to him, saying, p. 391: "The reason given by defendant for withholding his approval to the certificate, in effect places his individual judgment above that of the court and the officer upon whom the duty of procuring the work done is expressly placed by the legislature: ...... Our appellate courts have frequently held that the discretion vested in the county controller is not an arbitrary but a legal one, and when he refuses to act, it must be made to appear that the case was within his discretion and that it was exercised in obedience to law." To same effect, Com. ex rel. v. Larkin, 216 Pa. 128. In the instant case the discretion of requesting the appointment was vested, under the Act of Assembly, in the president judge. The discretion of making the appointment is vested in the attorney general. Appellant has not questioned the regularity of the appointment. There is therefore no merit in his objection on the question of the necessity of the appointment.

(2) Appellant questions the constitutionality of the Act of April 9, 1929, P. L. 177 (Administrative Code) on the grounds, (a) that it attempts to delegate the legislative right to control the district attorney to the arbitrary judgment of the president judge of the county in question, and (b) that no notice is given in the title of the Act imposing on the county the burden of payment of special deputy attorneys general of the State.

As to the first reason this question has been passed on by the Supreme Court in the case of Commonwealth v. Lehman, 309 Pa. 486. Quoting from the learned opinion in that case by Mr. Justice LINN, p. 492: "The attorney general is an executive officer: Constitution, article IV, section 1. Prior to the Act of May

3, 1850, P. L. 654, 16 P. S. Section 1691, the attorney general was represented in each county by his deputy who conducted criminal prosecutions; by that statute the office of district attorney was created and that officer was charged with the performance of the duties theretofore performed by the deputy attorney general. Thereafter the prosecutor was elected instead of appointed, but the power of general supervision vested in the attorney general over the performance of a district attorney's duties in the county was not taken away; that power remained, and it is matter of general information that the power has been exercised from time to time when necessary. In part, this supervision is now regulated by section 907 of the Administration Code. Consideration of the historic development in this Commonwealth of the office of attorney general and the office of district attorney at once distinguishes the cases cited by appellant from other states said to hold that the legislature may not provide for temporarily displacing prosecuting attorneys." A similar question was passed on by our own court in the case of Commonwealth v. Havrilla, 38 Pa. Superior Ct. 292, where the question of the constitutionality of the Act of May 2, 1905, P. L. 351 was considered and the Act declared constitutional. That Act uses almost the same language as does the Act of 1929 here in question, save that it provides for the payment by the Commonwealth of the attorney appointed.

As stated in Com. v. McHale, 97 Pa. 397, 406, where the indictments were not signed by the district attorney but by a private prosecutor who had been appointed special district attorney under the Act of 1866, "While the legislature may not abolish the office, it can control the officer. They can regulate the performance of his duties, and punish him for misconduct, as in case of other officers. And where he neglects or refuses to act, or where from the circum-

stances of a given case, it is improper or indelicate for him to act, it is competent for the legislature to afford a remedy." Appellant claims that the request by the president judge for the appointment was the arbitrary substitution of the "judgment of the president judge" for a standard of requirements laid down by the legislature, and in so doing he should in a manner similar to the provisions of the Act of 1866 require a sworn statement of the reasons therefor and give the district attorney an opportunity to answer thereto. Suffice it to say that the Act of 1929 contains no such provisions. Appellant admits that the controller has no discretionary power to override the judgment of the courts, but claims that there should be some limitation on the power of the president judge contained in the Act of 1929. This is a matter for the legislature and we can not read into the Act something which does not appear therein; (b) as to the title of the Act, we believe, as stated by Mr. Justice LINN in the case last cited, that the title of the Act clearly expresses the subject of the legislation. As has been frequently stated, the title need not be an index of the contents. We find no merit in this contention of appellant.

(3) As to the question of payment by the county: The Act of May 2, 1905, P. L. 351, 71 P. S. 817-819 authorized payment of special prosecutors from the State Treasury. The Act of 1929 as to Section 907 was a substantial re-enactment of the Act of 1905, with the exception that it omitted the provision contained in the latter providing for the payment of the attorney by the State. It did not contain any repealing clause; it did however legislate upon the same general subject-matter. The absence in the Act of 1929 of the provision for payment by the State is significant. It might be urged, with considerable force that the Act of 1905 was repealed by implication. It is not necessary, however, for us in this case to decide whether or not the Act of 1905 was repealed. The

sole question is, whether or not the county *may* pay. The appointment was made with an express direction that Mr. Weber be paid by the county. The county commissioners have directed the payment and the court has approved the same. Counties have the primary responsibility for the cost of all criminal pro-ceedings, unless expressly relieved therefrom. This principle was discussed at length in Commonwealth v. Darmska, 35 Pa. Superior Ct. 580, wherein Judge HENDERSON said, at page 583: "Light is thrown on the value of the title when we take into consideration the fact that the cost of administration of criminal justice is, generally speaking, cast upon the county. Such has been the state of the law since the organization of the Commonwealth. This extends to many cases where no statutory liability exists, as in the case of a prisoner taken ill at the trial or a juror in the box; the expenses of a coroner in a post mortem examination; the lodg-ing and board of a jury, and many other instances which might be enumerated. It was stated in general terms in McCalmont v. Allegheny County, 29 Pa. 417, 'where no other provision is made for the expenses of the judiciary, the county in which the court sits is primarily liable.' ...... All of the expenses inci-dental to the trial of causes are borne by the county except that portion particularly known as costs......"

The cases in which the services were rendered arose within the County of Montgomery; the special at-torney appointed simply took the place of the district attorney in the performance of the latter's duties. It is only just that the county should pay for the serv-ices.

The assignments of error are overruled and the order of the lower court is affirmed.