Commonwealth of Pennsylvania *v.* Henderson.

Argued April 12, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Maurice P. Breene,* and with him *Quincy D. Hastings,* for appellant.

*F. Harold Gates,* County Solicitor, for appellees.

PER CURIAM, July 13, 1934:

At a court of quarter sessions held in the county of Venango, it appears that a certain Margaret Henderson was on trial and not having counsel, the court Judge F. L. HARVEY, specially presiding, appointed George M. O'Hora, Esquire, to defend her. We infer from the motion made and the petition presented, which need not be set out here, that at the time Mr. O'Hora was appointed, there was an understanding between the court and him that he was to receive $25 for his services. Afterwards the court made an order upon the county commissioners of Venango County to pay the sum of $25 to Mr. O'Hora.

The commissioners declined to pay the amount and there was a petition presented for an attachment on them for failure to comply with the court's order and Judge McCRACKEN, who was then presiding, made the following order:

"The authority of the county commissioners is limited by statute and can be enlarged and extended only by legislative action and the courts are without authority to authorize payment of demands upon the county except when empowered so to do by appro-

priate legislation. No authority has been found, although diligent search has been made, and none cited warranting the order made by the court and we are therefore reluctantly compelled to conclude that said order was made without authority and is therefore void.''

It is hardly necessary to add anything to the order of the court. The case is ruled by Wayne County v. Waller, 90 Pa. 99. In that case, a member of the bar expended some money and performed professional services for a prisoner indicted for murder. The facts were submitted to the court on a case stated and it held that such services must be regarded as an incident of the official position, that lawyers as officers of the court take such offices com onere. ''One of these burthens, which custom has recognized, is the gratuitous service rendered to a poor prisoner, at the suggestion of the court.'' In case of murder this has been changed by the Act of 1907, P. L. 31, 19 PS 784.

As the appellant can point to no act of assembly giving the court power to allow such compensation, none can be paid. That no appeal was taken from the order of the court directing the amount to be paid, does not affect the matter. The commissioners had not their day in court. Moreover, the court having no power, the order was void and its enforcement could be therefore prevented at any time.

The judgment is affirmed, the appellant to pay the costs.