Pipa, Appellant, *v.* Kemberling et al.

Argued September 30, 1936, reargued March 11, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. A. Welsh,* for appellant.

*Horace W. Vought,* with him *E. C. Marianelli,* for appellees.

*Edward Friedman,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for Commonwealth, intervener sur reargument.

OPINION BY CUNNINGHAM, J., December 14, 1936:

John L. Pipa, Jr., a member of the bar of this state and appellant herein, has appealed from an order of the court below quashing a writ of alternative mandamus by which he sought to compel the commissioners of that county to pay him for services rendered and expenses incurred as a special attorney appointed by the Attorney General under Section 907 of the Administrative Code of April 9, 1929, Article IX, P. L. 177, 239, 71 PS §297.

We have concluded that the order quashing the writ should be affirmed but not for the reason assigned by the learned president judge of the court below, viz., that it had not been established that appellant had taken the required oath of office and filed the same in the office of the prothonotary of Snyder County. Following the oral argument in this court, it was stipulated in writing by counsel for the respective parties that the oath required by the act under which the appointment was made was taken by the appellant before, and filed with, the Attorney General.

We think the underlying question in this case was raised by the tenth paragraph of appellees' return to the alternative writ, in which they denied the "right and authority in law of the Attorney General......to require compensation for [appellant] to be paid by the County of Snyder as fixed by the said Attorney General, together with his expenses." If this contention is sound, and we think it is, all the other questions raised and considered below disappear from the case.

Section 907 of the Administrative Code of 1929 provides: "Special Attorneys in Criminal Cases.—When the president judge, in the district having jurisdiction of any criminal proceedings before any court of oyer and terminer, general jail delivery, or quarter sessions, in this Commonwealth, shall request the Attorney General to do so, in writing, setting forth that, in his judgment, the case is a proper one for the Commonwealth's intervention, the Attorney General is hereby authorized and empowered to retain and employ a special attorney or attorneys, as he may deem necessary, properly to represent the Commonwealth in such proceedings, and to investigate charges, and prosecute the alleged offenders against the law. Any attorney, so retained and employed, shall supersede the district attorney of the county in which the case or cases may arise, and shall investigate, prepare, and bring to trial the case or cases to which he may be assigned. He shall take the oath of office required by law to be taken by district attorneys, and shall be clothed with all the powers and subject to all the liabilities imposed upon them by law. The compensation for services rendered, and necessary expenses incurred by such attorney or attorneys, shall be fixed by the Attorney General."

By this section authority is expressly conferred upon the Attorney General to fix the compensation of any special attorney appointed under its provisions, but the code is silent as to the source of payment.

The circumstances leading up to the request, in writing, of the president judge of Snyder County to the Attorney General for the appointment of a special attorney need not be detailed.

It is only necessary to note that the request was made at the instance of the district attorney of the county and that the president judge requested the Attorney General to retain and employ such attorney or attorneys as he might deem necessary "to properly represent the

Commonwealth in investigating, preparing and bringing to trial Lester, Bertha and Zella Gill, or such of them as the evidence appears to warrant, on charges of being accessories before the fact to the murder of Charles Gable......said cases being in the judgment of [the president judge] proper ones for the intervention of the Commonwealth and the Attorney General."

The material provision of the appointment made by the Attorney General on May 8, 1935, reads: "I hereby retain and employ as special attorney to represent the Commonwealth in the above proceedings, to investigate the charges therein and prosecute the alleged offenders, John L. Pipa, Jr., of Shamokin, Pennsylvania. Mr. Pipa will receive such compensation from the County of Snyder as shall hereafter be fixed by me and also his actual expenses incurred by him in performing his duties under this appointment."

Following the trial and acquittal of the Gills, the Attorney General made the following order: "Now, December 14th, A. D. 1935, by virtue of the power vested in me as Attorney General, by Act of Assembly of the Commonwealth of Pennsylvania, I hereby fix the fees of John L. Pipa, Jr., Esquire, Special Attorney in the above-captioned case, for professional services rendered in the preparation and trial of said case, at $1,360.50. This bill includes professional services and his expenses in full, and also includes a bill of Claudine G. Heckert for stenographic services in the amount of $60.50, and Leo Moerschbacher, Special Investigator, in the sum of $100.00. All of which is hereby certified to the Commissioners of Snyder County for payment."

Had the Attorney General authority in law to impose this liability upon the County of Snyder over the objection and protest of its commissioners?

The constitutionality of Section 907 of the Administrative Code of 1929, was upheld by our Supreme Court in *Com. v. Lehman*, 309 Pa. 486, 491-3, 164 A. 526, in

which case it was pointed out that this section of the code is merely the last of several statutes regulating the temporary displacement of a district attorney, beginning with the Act of March 12, 1866, P. L. 85, 16 PS §3432, (authorizing the proper court to direct private counsel, under certain circumstances therein prescribed, to conduct prosecutions) and including the Act of May 2, 1905, P. L. 351, 71 PS §§817-819, and the Administrative Code of June 7, 1923, Article IX, P. L. 498, 550.

In the course of the opinion the historic development in this Commonwealth of the office of Attorney General and the office of district attorney was thus described: "Prior to the Act of May 3, 1850, P. L. 654, 16 PS §1691, the Attorney General was represented in each county by his deputy who conducted criminal prosecutions; by that statute the office of district attorney was created and that officer was charged with the performance of the duties theretofore performed by the deputy attorney general. Thereafter the prosecutor was elected instead of appointed, but the power of general supervision vested in the Attorney General over the performance of a district attorney's duties in the county was not taken away; that power remained, and it is a matter of general information that the power has been exercised from time to time when necessary. In part, this supervision is now regulated by section 907 of the Administrative Code."

Section 907 of the Administrative Code of 1929 (which replaced section 907 of the similar code of 1923) and the above cited Act of 1905, both relate to the appointment of special attorneys by the Attorney General at the request of the president judge of the judicial district in question. With a single exception, the language is substantially the same in each of these legislative enactments. That exception is found in the third section of the Act of 1905, which reads:

"Section 3. The compensation for services rendered, and necessary expenses incurred, by the attorney or attorneys, so retained and employed, shall be fixed by the Attorney General, *and paid by warrant drawn by the Auditor General upon the State Treasurer.*" (Italics supplied)

Neither the Administrative Code of 1923 nor that of 1929 contained the language we have above italicized in the Act of 1905, nor did either expressly repeal the Act of 1905, though each contains a general clause repealing inconsistent legislation.

The question of the implied repeal of the Act of 1905 by the Code of 1929 was raised, but not decided, in our case of *Com. ex rel. v. Irvin,* 110 Pa. Superior Ct. 387, 394, 168 A. 868. In that case the bill of the special attorney had been approved by two of the judges of the court below and by the county commissioners. The county controller withheld his approval and that mandamus was against him. We there stated specifically that we were not deciding whether the Act of 1905 had been repealed. The only question there involved was "whether or not the county *may* pay," and the only matter decided was that the controller could not prevent payment of the bill which the court below had approved and the county commissioners had ordered to be paid. Here, the situation is entirely different; payment by the county is vigorously resisted by the commissioners.

It seems to us that the question here involved need not, and indeed should not, turn upon the narrow issue of repeal by implication of the Act of 1905.

One thing is certain. There is nothing in the Code of 1929, or in any other legislative enactment called to our attention, which places the *duty* of payment upon the *county.* Moreover, Section 907 of the Code does not stand alone; it is a part of Article IX, relating to the Department of Justice. By Section 903 of that

article it is provided, inter alia, that the Department of Justice "shall have the power, and its duty shall be" ...... (b) *"To represent the Commonwealth,* or any department, board, commission, or officer thereof, in any litigation to which the Commonwealth or such department, board, commission, or officer, may be a party, or *in which the Commonwealth* or such department, board, commission, or officer, *is permitted or required by law to intervene* or interplead." (Italics supplied)

Then, in paragraph (b) of Section 906, the Attorney General is authorized "to appoint and fix the compensation" of "special attorneys, to represent the Commonwealth."

Neither in these sections nor in sections 213, 214 and 216, dealing generally with state officers and employees, is it specifically mentioned that they shall be paid by the Commonwealth—obviously because such special attorneys and other appointees are state officers and therefore entitled to be paid out of its treasury.

When we turn to Section 907 we find it referring to the Commonwealth's "intervention"; "properly to represent the Commonwealth," and "shall supersede the district attorney of the county."

We can see no reason for holding that the "special attorneys" appointed under Section 907 are in any different class or position, in so far as payment of their compensation is concerned, than are the "special deputy attorneys general" and "special attorneys" appointed under Section 906.

The fact that by the Code the special attorneys provided for in Section 907 were placed in the same class as the other special attorneys whose appointment is provided for in Article IX, probably accounts for the omission from Section 907 of the specific provision of the Act of 1905 directing that they be paid by the Commonwealth.

In every case in which "intervention" by the Com-

monwealth is proper, the Attorney General either intervenes personally, as in the recent case of *Com. ex rel. Minerd v. Margiotti*, 325 Pa. 17, 188 A. 524 or by the appointment of a personal representative, as in the present case. The appointment may be made either under Section 906 or 907, as the nature of the case and the particular circumstances may require.

We think the conclusion inescapable that when the legislature undertook to codify the laws relating to the administration of the state government, it placed the personal representatives of the Attorney General, whose appointments are authorized by Section 907 of the Code, in exactly the same class as those authorized to be appointed under Section 906. Under each section the Attorney General was expressly authorized to fix the compensation of his appointees, and as the compensation of those appointed under Section 906 was, beyond question, to be paid by the Commonwealth, there was no occasion for repeating in Section 907 the express direction of the Act of 1905 relative to the source of payment.

For these reasons we agree with the contention of the appellant that in the rendition of the services for which he now claims compensation he was acting as a state, and not as a county, officer.

It logically follows, however, that he must look to the Commonwealth, and not to the County of Snyder, for his compensation. Under the conclusion we have reached, the appellees are not concerned with the propriety of including in his bill the items for stenographic services and the assistance of a special investigator.

Upon the whole case, we are of opinion that the Attorney General was without authority in law to direct and require that any part of appellant's compensation be paid by the County of Snyder.

Order affirmed.

SUPPLEMENTAL OPINION BY CUNNINGHAM, J., April 15, 1937:

When this case was here before, the Commonwealth was neither a party to the record nor represented at the argument. We then held, for the reasons stated in an opinion filed December 14, 1936, that the Attorney General in appointing, under the provisions of Section 907 of the Administrative Code of April 9, 1929, Article IX, P. L. 177, 239, 71 PS §297,[1] John L. Pipa, Jr., Esq., appellant herein, a special attorney to investigate criminal charges against certain persons and prosecute the alleged offenders in Snyder County, had power to fix the compensation of his appointee, but was without authority in law to direct and require that any part of that compensation be paid by the County of Snyder.

On December 22, 1936, the Attorney General filed his petition for leave to intervene and for a reargument; this petition was granted and the case reargued during the Harrisburg Term.

We have not been convinced by the able argument in

---

[1] "Special Attorneys in Criminal Cases.—When the president judge, in the district having jurisdiction of any criminal proceedings, before any court of oyer and terminer, general jail delivery, or quarter sessions, in this Commonwealth, shall request the Attorney General to do so, in writing, setting forth that, in his judgment, the case is a proper one for the Commonwealth's intervention, the Attorney General is hereby authorized and empowered to retain and employ a special attorney or attorneys, as he may deem necessary, properly to represent the Commonwealth in such proceedings, and to investigate charges, and prosecute the alleged offenders against the law. Any attorney, so retained and employed, shall supersede the district attorney of the county in which the case or cases may arise, and shall investigate, prepare, and bring to trial the case or cases to which he may be assigned. He shall take the oath of office required by law to be taken by district attorneys, and shall be clothed with all the powers and subject to all the liabilities imposed upon them by law. The compensation for services rendered, and necessary expenses incurred by such attorney or attorneys, shall be fixed by the Attorney General."

behalf of the Commonwealth that our prior disposition of this appeal was erroneous. The fundamental question with which the Commonwealth is concerned may be thus broadly stated: When the Attorney General, pursuant to the provisions of Section 907 of the Administrative Code of 1929, retains and employs a special attorney to represent the Commonwealth in criminal proceedings arising in any county, may he, without the consent of the commissioners thereof, impose upon such county liability for the payment of the compensation of his appointee?

Two main propositions were advanced at the reargument by the representatives of the Commonwealth in support of their contention that the Attorney General has that authority.

First, that Section 907 of the Code repeals by implication so much of Section 3 of the Act of May 2, 1905, P. L. 351, 71 PS §819, as provides that the compensation of such an appointee shall be "paid by warrant drawn by the Auditor General upon the State Treasurer."

Their second proposition is that, as the appointment of a special attorney is not mandatory, the Attorney General may insert as a condition of the appointment a provision that the compensation of the appointee be paid by the county in which his services are to be rendered.

As applied to the case in hand, attention is directed to the fact that the commissioners of Snyder County did not protest against the payment of appellant's compensation until after his services had been rendered and it is argued that they, therefore, impliedly accepted all the conditions of the order appointing appellant. [2]

---

[2] "I hereby retain and employ as special attorney to represent the Commonwealth in the above proceedings, to investigate the charges therein and prosecute the alleged offenders, John L. Pipa, Jr., of Shamokin, Pennsylvania. Mr. Pipa will receive such compensation from the County of Snyder as shall hereafter be fixed

We considered the first proposition to some extent in our former opinion. Reference was there made, inter alia, to the relation between Article IX of the Administrative Code of June 7, 1923, P. L. 498, 548, superseded by the same article of the Code of 1929, supra, and the Act of 1905, supra. The Act of 1905 was the first legislation providing for the appointment by the Attorney General, upon the request of a president judge, of special attorneys to conduct criminal proceedings in a judicial district. The first and second sections of the Act of 1905 were included practically verbatim in Section 907 of each code. The provision of Section 3 of the Act of 1905 authorizing the Attorney General to fix the compensation of special attorneys retained and employed by him was also carried into Section 907 of the codes. We also set forth our reasons for concluding there was no occasion for repeating in the codes the provision of Section 3 of the Act of 1905 expressly directing that the compensation of the special attorneys, whose appointments were therein provided for, should be paid out of the State Treasury, because under the Code of 1929 these *special* attorneys were specifically classified with the special *deputy attorneys general* authorized to be appointed by the Attorney General under Section 906, and therefore entitled to receive their compensation out of the State Treasury.

We need not here repeat what was said in that opinion upon that subject, but, in view of the contention of the Commonwealth that the provision of the Act of 1905 for payment out of the State Treasury has been impliedly repealed by the Code of 1929, we may add the following observations:

Concededly, no part of the Act of 1905 has been specifically repealed by either code. "Repeal is wholly a question of legislative intent." *Com. ex rel. v. Brown,*

---

by me and also his actual expenses incurred by him in performing his duties under this appointment."

210 Pa. 29, 36, 59 A. 479. In the present case regard must be had to the character and scope of the legislation embodied in the codes. The question of the constitutionality of the Code of 1923 was before our Supreme Court in *Com. ex rel. v. Snyder,* 279 Pa. 234, 123 A. 792. It was there pointed out that, as stated in its title, its purpose was to provide for and reorganize "the conduct of the executive and administrative work of the Commonwealth" by the executive departments thereof, rather than to revise and codify matters of substantive law. Article XXIX of the Code of 1929, relating to its interpretation and effective date, Section 2902, reads: "Continuation of Existing Laws. The provisions of this act, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws and not as new enactments."

Repeal by implication is not favored, particularly where, as here, there is no repugnancy or irreconcilable conflict between the statutory enactments under consideration: *Patterson et al. v. Penna. Liquor Control Board,* 125 Pa. Superior Ct. 192, 189 A. 883; *Carpenter v. Hutchison,* 243 Pa. 260, 90 A. 154; *Com. ex rel. v. DeCamp,* 177 Pa. 112, 35 A. 601; *Provident Life and Trust Co. v. Klemmer et al.,* 257 Pa. 91, 100, 101 A. 351; and *Shibe's Case,* 117 Pa. Superior Ct. 7, 177 A. 234. *Werner et al. v. King et al.,* 310 Pa. 120, 164 A. 918, cited to the contrary, is a case in which a former method of publishing the lists of mercantile appraisers was fully supplied by the Fiscal Code of April 9, 1929, P. L. 343, in which it was expressly provided that "all acts and parts of acts *supplied* by this act are hereby repealed."

The most that can be said in this case is that there is a discrepancy between the Act of 1905 and the codes, but the existence of such a discrepancy does not result in a repeal by implication: *Keller et al. v. Staley et al.,* 78 Pa. Superior Ct. 184. We think the principles thus

expressed in *Com. v. Curry*, 285 Pa. 289, 294, 132 A. 370, are applicable here: "Where there is no specific repeal of a prior act, or of any named part of it, by a subsequent statute on the same general subject, and where, as in the present instance, the latter, while omitting a definite provision of the former, yet contains nothing touching on, much less actually antagonistic to, the omitted part, the last legislation, in the absence of a demonstrated intention to deal with every aspect of the general subject in hand, does not necessarily repeal such omitted part, particularly where, as here, the later statute confines its repeal of former acts to such parts of them as are inconsistent with the provisions contained in the repealing statute. *Com. v. Crowl*, 245 Pa. 554, 559."

Additional support for our conclusion that the legislature intended to place the special attorneys, authorized to be appointed by Section 907, in the same class with the special deputy attorneys general provided for in Section 906 is found in the fact that in the Code of 1923 paragraph (b) of Section 906 authorized the Attorney General "from time to time to appoint and fix the compensation of special deputy attorneys general to represent the Commonwealth or any department, board or commission thereof, in special work or in particular cases," but when this paragraph was repeated in the Code of 1929 the legislature significantly included therein the "special attorneys" authorized to be appointed under Section 907. Section 906 obviously provides for the appointment of *"special* deputy attorneys general," as distinguished from "such deputy attorneys general as may be appointed to assist in the conduct of the *regular work* of the department." We think it equally clear that the legislature has definitely and expressly classified the "special attorneys" formerly appointed under the Act of 1905, in so far as the extent and source of

payment of their compensation is concerned, with special deputy attorneys general.

Notwithstanding what was said in our former opinion with relation to the distinctions between the present case and the case of *Com. ex rel. v. Irvin,* 110 Pa. Superior Ct. 387, 168 A. 868, the representatives of the Commonwealth attempt in their brief to support their present contention by reference to certain expressions contained in the opinion in that case. One of them (p. 394) reads: "It might be urged with considerable force that the Act of 1905 was repealed by implication." This, however, was followed by the distinct statement that we did not decide in that case "whether or not the Act of 1905 was repealed." Another expression relied upon by the Commonwealth is found at page 395 and reads: "Counties have the primary responsibility for the cost of all criminal proceedings, unless expressly relieved therefrom." The compensation here involved is not "costs" of the administration of criminal justice, as that term is used in our statutes and decisions. The rule applicable to charges of the nature here involved was thus stated in *Com. v. Garramone,* 115 Pa. Superior Ct. 588, 176 A. 263: "As an agent or arm of the Commonwealth [a county] is liable to pay only such costs, in criminal cases, as the legislature has specifically imposed upon it, and in order to make [it] liable there must be clear statutory warrant or authority for such action, (citing cases)." See also *Com. v. Henderson,* 113 Pa. Superior Ct. 348, 173 A. 868.

So that there may be no further misunderstanding about the scope of our decision in the Irvin case, we now overrule the above quoted expressions and any other statements therein which may seem to be in conflict with the conclusions stated in our former opinion in the case now at bar or in this supplemental opinion.

The difficulty with the second proposition advanced

in behalf of the Commonwealth, to the effect that the Attorney General had the right in making the appointment to impose the condition that appellant's compensation be paid by Snyder County, is that, when followed to its logical conclusion, it proves too much. It is to be noted that we are not dealing with an intervention by the Attorney General, personally or through one of his regular deputies, in the exercise of the common law powers vested in the Attorney General. These powers were fully considered by our Supreme Court in *Com. ex rel. Minerd v. Margiotti* and *Com. ex rel. Reilly v. Margiotti*, 325 Pa. 17, 188 A. 524. It was there held that entirely aside from Article IX of the Administrative Code the Attorney General of Pennsylvania "is clothed with the powers and attributes which enveloped Attorneys General at common law." Prior to the Act of 1905 the only way the Attorney General could intervene was through the exercise of his common law powers. In the proceedings just cited it was held that these powers of the Attorney General were in nowise curtailed by the Act of 1905 (now Section 907 of the Administrative Code) but were somewhat enlarged thereby. The intervention with which we are here concerned was strictly under the provisions of Section 907. Such intervention does not take place by the Attorney General upon his own motion; it is statutory and the special attorney provided for may be appointed only upon the request of the president judge of the judicial district in question. If, as now contended in behalf of the Commonwealth, the Attorney General may impose as a condition of granting the request of the president judge that the compensation of the special attorney shall be paid by the county, it would logically follow that the president judge who made the request would be at liberty to accept or reject the condition, and, if he rejected, would

be under no obligation to recognize the authority of the Attorney General's appointee.

In the case of *Com. v. Ryan et al.*, 126 Pa. Superior Ct. 306, 188 A. 764, one of the judges of Fayette County declined to recognize the authority of a special attorney appointed by the Attorney General under the provisions of Section 907 and quashed certain indictments signed by the appointee. Upon appeal to this court, the orders quashing the indictments were reversed and the indictments reinstated. Although the matter has, in our opinion, no particular bearing upon the merits of this case, it may be noted that the record shows that the appointment of appellant did not originate either with the district attorney or the president judge of Snyder County, but was pointedly suggested by the Attorney General and his fellow members of the Board of Pardons during certain proceedings before that tribunal.

Since the filing of our former opinion we have had the benefit of a declaration by our Supreme Court that a special attorney, appointed as was appellant, is not an "officer" of any kind but, practically, an employee of the Attorney General. In *Com. ex rel. Minerd et al. v. Margiotti,* supra, Mr. Justice SCHAFFER said (p. 31) : "It is argued that the special attorney thus appointed holds an office. We think this by no means follows. He is just what the act says he is, a special attorney *'retained and employed'* by the Attorney General to *represent the Commonwealth* in the particular matter or matters just as the Attorney General may retain and employ special attorneys to represent the Commonwealth in other special situations when in his judgment it is proper to do so. The person so retained and employed is the *representative of the Attorney General for the time being and in the business confided to his care."* (Italics supplied)

We think this supports our conclusion that the legis-

lature intended that the Commonwealth, and not the county to which a special attorney happens to be assigned, should pay for the services of the person employed on its behalf by its chief law officer.

Upon this reconsideration of the questions involved under this appeal, we are still of the opinion that the Attorney General was without authority in law to impose upon the County of Snyder liability for the payment of appellant's compensation.

Order affirmed.